Lin v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

GUI GUO LIN, AKA GUO LIN,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

No. 16-521
NAC

_____

FOR PETITIONER: Yee Ling Poon (Deborah Niedermeyer, *on the brief*,) Law Office of Yee Ling Poon, LLC, New York, N.Y.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gui Guo Lin, a native and citizen of China, seeks review of a February 2, 2016, decision of the BIA affirming a February 24, 2014, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gui Guo Lin,* No. A205 271 162 (B.I.A. Feb. 2, 2016), *aff'g* No. A205 271 162 (Immig. Ct. N.Y.C. Feb. 24, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA (i.e., minus the IJ's internal relocation finding, which the BIA declined to reach). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the

2

circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Lin was not credible.

First, the agency reasonably relied on the inconsistency between Lin's testimony and his wife's letter regarding the police visits after Lin left China. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility

3

purposes). Lin testified that the police came to his home "more than 10 times" while he was in hiding in China and "more than 10 times" after he fled to the United States. Lin's wife's letter, however, states only that "officials still came to [the] house to see if [Lin] was home" while Lin was in hiding in China. Certified Administrative Record ("CAR") at 273. Lin was asked why his wife's letter omitted the police visits after he left China, and he answered that the police continue to visit his home. The IJ was not compelled to accept this explanation because it was nonresponsive and did not resolve Lin's wife's omission. *See Majidi*, 430 F.3d at 80. Moreover, while Lin argued before the BIA that he merely provided additional details about the number of visits mentioned in his wife's letter, the BIA reasonably rejected this explanation because it did not resolve the inconsistency involving the police's visits *after* Lin's departure from China. *See id.* Notwithstanding that Lin's wife's letter states that, "[d]uring that time, the officials still came to my house," the agency reasonably determined that the referenced time period relates to when Lin was in hiding in China. *See* CAR at 273; *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the

4

evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).

Second, the agency reasonably relied on the inconsistency between Lin's and his pastor's testimony about whether Lin had ever mentioned his past experiences in China. *See Xiu Xia Lin*, 534 F.3d at 163-64. Lin testified that he told his pastor during casual conversation that he fled China because his wife exceeded the birth limit in violation of family planning policy. Lin's pastor testified, however, that Lin told him only that he was married and had children in China. Although Lin argued before the agency that his pastor had a faulty memory, was hard of hearing, and had macular degeneration, the agency was not compelled to accept these explanations for the inconsistency. *See Majidi*, 430 F.3d at 80. While Lin's pastor testified that he was hard of hearing and had vision problems due to macular degeneration, he did not testify that he had a tendency to be forgetful. He was clear in his testimony that Lin had never told him about Lin's wife's forced sterilization, and he had no problems recalling other details of his conversation about Lin's family.

Third, the agency reasonably based its credibility determination on the IJ's observations of Lin's demeanor.

5

*See Xiu Xia Lin*, 534 F.3d at 163-64. "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), and we therefore "give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Here, the IJ reasonably found that Lin was evasive and non-responsive when asked about the police's visits to his home and needed to be asked multiple times before providing even basic information about these visits. The record does indicate that Lin only provided the least detail about these visits after repeated questioning. The bare transcript does not allow us to determine whether this failure to answer can be attributed to Lin's evasion or something else, but it is consistent with the IJ's finding. Because the IJ's demeanor finding is directly linked to testimony the IJ reasonably found to be non-credible, we have even more reason to defer to it. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are

supported by specific examples of inconsistent testimony.").

Lastly, the agency reasonably found Lin's corroborating evidence insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Lin does not challenge the treatment of his wife's letter, which the agency reasonably declined to credit because it was inconsistent with Lin's testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)). Instead, Lin argues that the IJ failed to provide notice of his need to submit additional corroboration. His argument is misplaced, however, because he did not exhaust it before the BIA, and "[a]n alien applying for relief or protection from removal has the burden of proof." 8 U.S.C § 1229a(c)(4)(A); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially

7

imposed issue exhaustion is mandatory); *cf. Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("While [the Court] ha[s] sometimes remanded a case if the IJ failed to explain his reliance on a lack of corroborating evidence, the alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Given the agency's foregoing findings regarding demeanor and inconsistencies, and its reasonable treatment of Lin's corroborating evidence, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. A reasonable adjudicator would not be compelled to conclude otherwise. *Id.* at 167. The credibility finding is dispositive of Lin's family-planning-based claims for asylum, withholding of removal, and CAT relief because those claims are each based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Lin does not challenge the agency's determination that he did not independently establish a well-founded fear of future persecution based on his Christian faith and has therefore waived review of that determination. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs

are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk